UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| MEJAH SOONG, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3-07-cv-155 (JCH) |
| | : | |
| MATTHEW ANTONETTI and | : | |
| THE CONNECTICUT DEPARTMENT | : | |
| OF PUBLIC HEALTH | : | |
| Defendants. | : | MAY 25, 2007 |
| | : | |

**RULING RE: PLAINTIFF'S MOTIONS FOR RECONSIDERATION (Doc. Nos. 28 & 29)**

Plaintiff Mejah Soong brings these motions requesting that the court reconsider its Ruling of March 21, 2007 (Doc. No. 20). In that Ruling, the court dismissed Soong's Complaint (Doc. No. 1), which sought an injunction with regard to the Connecticut Department of Public Health's (the "DPH") order that Soong submit to a psychiatric evaluation. The court held that Soong was not entitled to an injunction because she had not made the necessary showing of irreparable harm. Doc. No. 20 at 4. The court reached this conclusion on the grounds that, because Soong refused to submit to the psychiatric evaluation, the DPH would have to petition the Connecticut Superior Court before further pursuing Soong's evaluation. Id.

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1)

an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

Soong's Motions for Reconsideration essentially take issue with this court's findings concerning Soong's ability to demonstrate irreparable harm and with the court's understanding of Soong's objections to the DPH's investigation. The court finds that such arguments do not entitle Soong to relief under the standard set forth in Shrader. Soong's Motions for Reconsideration (Doc. No. 28 & 29) are therefore DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of May, 2007.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge